**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0005314**
**09-APR-2014**
**09:06 AM**

NOS. CAAP-13-0005314 AND CAAP-13-0005554

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ROBERT GRINPAS and ESTHER GRINPAS,
Plaintiffs/Counterclaim-Defendants/Appellees/Cross-Appellees,
v.
KAPAA 382, LLC, a Hawaii Limited Liability Company,
Defendant/Cross-Claim Defendant/Appellee/Cross-Appellee,
and
KULANA PARTNERS, LLC, a Hawaii Limited Liability Company,
Defendant/Counterclaim-Plaintiff/Cross-Claim Plaintiff/Third-
Party Plaintiff/Appellee/Cross-Appellant,
and
WILLIAM R. HANCOCK, Trustee of HANCOCK AND COMPANY, INC.,
PROFIT SHARING TRUST, under trust instrument April 3, 1993,
Defendant/Cross-Claim Defendant/Third-Party
Defendant/Appellant/Cross-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 07-1-000132)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Upon review of the record on appeal, it appears that we do not have appellate jurisdiction over appellate court case number CAAP-13-0005314, in which Defendant/Cross-Claim Defendant/Third-Party Defendant/Appellant/Cross-Appellee William R. Hancock (Appellant Hancock) and Defendant/Counterclaim-Plaintiff/Cross-Claim Plaintiff/Third-Party Plaintiff/Appellee/Cross-Appellant Kulana Partners, LLC (Cross-Appellant Kulana Partners), appeal from the Honorable Randal G.B. Valenciano's October 22, 2013 judgment (Judgment), because the Judgment does not satisfy the requirements for an appealable final judgment under Hawaii

Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2013), Rules 54(b) and 58 of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). For example, the Supreme Court of Hawai'i has held that, "[a]lthough [Rules of the Circuit Court of the State of Hawai'i Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a <u>separate</u> document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a <u>separate</u> document.'" <u>Price v. Obayashi Hawaii Corp.</u>, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphasis added). Furthermore,

> <u>if a judgment purports to be the final judgment in a case involving multiple claims</u> or multiple parties, <u>the judgment</u> (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) <u>must</u> (i) identify the claims for which it is entered, and (ii) <u>dismiss any claims not specifically identified</u>[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added). "For example: 'pursuant to the jury verdict entered on (date), judgment in the amount of $____ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint. . . . . [A]ll other claims, counterclaims, and cross-claims are dismissed.'" <u>Id.</u> at 119-20 n.4, 869 P.2d at

1338-39 n.4. When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i has noted that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). Consequently, "an appeal from any judgment will be dismissed as premature if the judgment does not, <u>on its face</u>, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Id.</u> (original emphasis).

We note that on February 15, 2012, we entered a memorandum opinion in appellate court case number 30139 that vacated the circuit court's August 3, 2009 HRCP Rule 54(b)-certified judgment as to one or more but fewer than all claims or parties, but our February 15, 2012 memorandum opinion neither addressed nor altered an October 23, 2009 HRCP Rule 54(b)-certified judgment as to one or more but fewer than all claims or parties, which remained in effect. Because the October 23, 2009 HRCP Rule 54(b)-certified judgment adjudicated all of claims in Plaintiffs/Counterclaim-Defendants/Appellees/Cross-Appellees Robert Grinpas's and Esther Grinpas's (the Grinpas Appellees) complaint as to Defendant/Cross-Claim Defendant/Appellee/Cross-Appellee Kapaa 382, LLC (Appellee Kapaa 382) and Appellant Hancock, the subsequent Judgment needed only to adjudicate the other remaining and unresolved claims in this case by and between the Grinpas Appellees, Appellant Hancock, Cross-Appellant Kulana Partners, and Appellee Kapaa 382. However, the Judgment does not either enter judgment on or dismiss all of the remaining claims. Although the Judgment enters judgment on most of the remaining claims, it does not utilize operative language to either enter judgment on or dismiss the following four claims, which, therefore, remain unresolved in this case:

> (1) Count VII (misnumbered as "Count VI") of Cross-Claim Kulana Partners' amended cross-claim against Appellee Kapaa 382 and Appellant Hancock (which the Judgment simply states is

"moot" in light of the fact that the [Judgment] enters judgment in favor of Cross-Appellant Kulana Partners and against Appellant Hancock and Appellee Kapaa 382 as to Count I of Cross-Appellant Kulana Partners' cross-claim against Appellant Hancock and Appellee Kapaa 382);

(2) Count II of Cross-Appellant Kulana Partners' third-party complaint against Appellant Hancock (which the [Judgment] does not address, and, thus, the [Judgment] does not enter judgment on or dismiss Count II);

(3) Count IV of Cross-Appellant Kulana Partners' third-party complaint against Appellant Hancock (which the [Judgment] simply states is "moot" in light of the fact that the [Judgment] enters judgment in favor of Cross-Appellant Kulana Partners and against Appellant Hancock as to Count I of Cross-Appellant Kulana Partners' third-party complaint against Appellant Hancock); and

(4) Count IX (misnumbered as "Count VI") of Cross-Appellant Kulana Partners' third-party complaint against Appellant Hancock (which the [Judgment] simply states is "moot" in light of the fact that the [Judgment] enters judgment in favor of Cross-Appellant Kulana Partners and against Appellant Hancock as to Count I of Cross-Appellant Kulana Partners' third-party complaint against Appellant Hancock).

Despite that the Judgment does not resolve all of the remaining claims, it does not contain an express finding of no just reason for a delay in the entry of judgment as to one or more but fewer than all claims or parties, as HRCP Rule 54(b) requires. The Supreme Court of Hawai'i has specifically explained that a circuit court must contain operative language that either enters judgment on or dismisses each claim:

> A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins, 76 Hawai'i at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). Because the Judgment neither resolves all the remaining claims nor contains an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties, the Judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in Jenkins. Absent an appealable final judgment, Appellant

-4-

Hancock's and Cross-Appellant Kulana Partners' appeals are premature and we lack jurisdiction over appellate court case number CAAP-13-0005314. Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0005314 (which is consolidated over CAAP-13-0005554) is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 9, 2014.

Chief Judge

Associate Judge

Associate Judge

-5-